IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV150-02-MU

| | |
|---|---|
| ANTHONY HEMPHILL,      )<br>    Petitioner,            )<br>                            )<br>       v.                     )<br>                            )<br>RICK JACKSON, Admin. Of Lanes-)<br>  boro Correctional Institu-  )<br>  tion,                       )<br>    Respondent.               )<br>_____) | **O R D E R** |

**THIS MATTER** is before this Court upon Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254, filed February 27, 2008. For the reasons stated herein, this Petition will be summarily dismissed.

Pertinent documents from the record reflect that in 1993, Petitioner pled guilty to and was convicted of second-degree murder in the North Carolina court system. On the occasion of his conviction, Petitioner was sentenced to a term of life imprisonment under the North Carolina Fair Sentencing Act, N.C.G.S. §§ 15A-1340.1 to 1340.7(1983) (repealed and replaced with Structured Sentencing Act of October 1, 1994). At all times relevant to this action, Petitioner was an inmate at the Brown Creek Correctional Institution.

On or about September 27, 2007, Petitioner was charged with having possessed an unauthorized communication device, i.e., a

cellular telephone, an A16 infraction. On October 31, 2007, a disciplinary hearing was held at which Petitioner was found guilty of the infraction. As a consequence, Petitioner received a 60-day term of segregated confinement, loss of forty days good-time credits, fifty hours of "extra duty," and a 180-day suspension of his visitation, telephone and canteen privileges.

Petitioner appealed his case to the chief disciplinary hearing officer, but his appeal was rejected. Petitioner did not pursue any additional State-based remedies for his case. Rather, on March 17, 2008, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in the United States District Court for the Middle District of North Carolina, alleging that the disciplinary hearing and its resulting consequences were unconstitutional. However, that Court recognized that venue was not proper there and transferred the subject Petition to this Court for resolution.

Accordingly, this Court conducted an initial review of the Petition and determined that of Petitioner's four claims, only two of them -- the allegations that the disciplinary hearing officer and the investigator violated his constitutional rights by denying his request that they present the evidence and witnesses against him during his hearing and that the investigator failed to give him notice of the disciplinary charge which he was facing -- potentially were sufficient to state a claim for relief

2

under § 2254. Furthermore, while the Court noted that it was far from clear whether Petitioner could obtain any relief it, nevertheless, entered an Order on May 19, 2008, directing Respondent to answer those two allegations.

Thus, on June 6, 2008, Respondent filed an Answer denying that Petitioner is entitled to any relief. Respondent also filed a Motion for Summary Judgment. By that Motion, Respondent argues, inter alia, that habeas corpus is available solely to challenge the validity of confinement or the duration of that confinement; and that since Petitioner's claims actually do not fit into either of those two categories, they are not cognizable in this action. More particularly, Respondent argues that because Petitioner was sentenced to a life term under the Fair Sentencing Act, that Act provides that he is not eligible to use good-time sentence credits for a reduction of his sentence. Therefore, Petitioner's loss of good-time credit simply does not impact the duration of his confinement so as to state a cognizable claim under § 2254.

Upon review of Respondent's arguments, on June 19, 2008, the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner that it appeared that Respondent was entitled to a judgment as a matter of law and directing Petitioner to respond to Respondent's arguments. Petitioner further was advised of his responsibilities, pursuant

to Rule 56e of the Federal Rules of Civil Procedure, in opposing a motion for summary judgment. Consequently, on July 1, 2008, Petitioner filed a document captioned as a "Motion In Opposition Of Summary Judgment." By that document, however, Petitioner merely rehashes his version of the facts of his disciplinary charges and proceedings. Notably, Petitioner did not even attempt to redress Respondent's argument that his proposed claims are not cognizable under § 2254 because his life sentence precludes him from raising a claim that the duration of his confinement will be adversely affected by his loss of good-time credits.

For its part, the Court has reviewed the parties' arguments and determined that Respondent's arguments are well taken. Indeed, as Respondent asserts, federal <u>habeas corpus</u> is available only to remedy constitutional violations that affect the fact or duration of an individual's physical imprisonment. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). Thus, "where success in the action would not necessarily spell immediate or speedier release" from imprisonment, an inmate may not pursue his claims in a <u>habeas corpus</u> proceeding. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 (2005).

In the instant case, Petitioner is serving a life sentence under a statutory provision which prohibits the use of good-time credits as a means for obtaining a reduced sentence. Accordingly,

Petitioner merely is accruing and/or losing good-time credits on paper in the event that, if his life sentence ever is overturned, such credits can be applied to the resulting determinative sentence. As Respondent argues, however, such a speculative and unlikely event simply falls short of providing Petitioner a sufficient basis upon which to challenge the loss of his good-time credits in a proceeding under § 2254. See Gaskins v. Johnson, 443 F. Supp. 2d 800, 804 (E.D. Va. 2006) (holding that inmate failed to meet standard for habeas review where he alleged improper disciplinary conviction impacted his classification since "the mere possibility that he might have earned more [good-time] credits . . . [did] not equate to a guarantee . . . [of] a speedier release"); see also Luken v. Scott, 71 F.3d. 192, 193-94 (5th Cir. 1995) (noting that speculative collateral consequences resulting from prison disciplinary proceedings do not convey "constitutionally protected liberty interests upon a prisoner such that the prison authorities must comply with the Constitutional requirements of due process."

In sum, Petitioner's disciplinary conviction and its resulting consequences do not extend the length of his confinement. To put it another way, a favorable decision in this action simply would not affect the duration of Petitioner's confinement. That being the case, Petitioner's claims are not cognizable in this habeas corpus action.

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254 is **DISMISSED** for failure to state a cognizable claim for relief.

**SO ORDERED.**

Signed: July 11, 2008

Graham C. Mullen
United States District Judge