```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                     3:08CV150-02-MU
```

ANTHONY HEMPHILL,              )
    Petitioner,             )
                            )
    v.                      )         **O R D E R**
                            )
RICK JACKSON, Admin. Of Lanes-)
  boro Correctional Institu-  )
  tion,                       )
    Respondent.             )
_____)

**THIS MATTER** is before this Court upon Petitioner's "Motion for Reconsideration in Summary Judgment Order," filed July 30, 2008 (document # 14).

The record of this matter reflects that on February 27, 2008, Petitioner filed a Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254. Upon its initial review, this Court determined that of Petitioner's four claims, only two of them -- the allegations that the disciplinary hearing officer and the investigator violated his constitutional rights by denying his request that they present the evidence and witnesses against him during his disciplinary hearing, and that the investigator failed to give him notice of the disciplinary charge -- potentially were sufficient to state a claim for relief under § 2254. Thus, while the Court noted that it was far from clear whether Petitioner could obtain any relief, it directed Respondent to answer those

two allegations.

To that end, on June 6, 2008, Respondent filed an Answer denying that Petitioner was entitled to any relief. In addition, Respondent filed a Motion for Summary Judgment arguing, inter alia, that habeas corpus is available solely to challenge the validity of confinement or the duration of that confinement; and that since Petitioner's claims actually did not fit into either of those two categories, they were not cognizable in his habeas action. That is, Respondent argued that because Petitioner was sentenced to a life term under the Fair Sentencing Act, the Act made him ineligible for good-time sentence credits in order to reduce his sentence. Therefore, Respondent argued that Petitioner's loss of good-time credit simply did not impact the duration of his confinement so as to state a cognizable claim under § 2254.

On July 1, 2008, Petitioner filed a document captioned as a "Motion In Opposition Of Summary Judgment," merely rehashing his version of the facts of his disciplinary charges and proceedings. Notably, Petitioner did not attempt to redress Respondent's argument that his proposed claims were not cognizable under § 2254.

Consequently, the undersigned carefully considered those matters and found that Respondent's position was well taken. Indeed, the undersigned was persuaded by Respondent's arguments that federal habeas corpus is available only to remedy constitu-

2

tional violations that affect the fact or duration of an individual's physical imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); and that "where success in the action would not necessarily spell immediate or speedier release" from imprisonment, an inmate may not pursue his claims in a habeas corpus proceeding. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Thus, by Order filed July 11, 2008, the Court dismissed Petitioner's Petition for its failure to state a cognizable claim for relief.

Thereafter, Petitioner filed the instant Motion for Reconsideration. Critically, such Motion concedes, among other matters, that "Petitioners's sentence and length of incarceration was never an issue in his complaint"; and that his Complaint, instead, was intended to challenge "the respondent(s) [sic] total disregard to there [sic] own well-established mandatory language . . . in there [sic] disciplinary policies/procedures." To be sure, Petitioner's newest arguments actually sound more in civil rights litigation than in habeas corpus principles. Suffice it to say, therefore, Petitioner's Motion for Reconsideration has failed to identify any matters which compel a different outcome for his case. Accordingly, such Motion for Reconsideration will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's Motion for Reconsideration (document # 14) is **DENIED;** and

2. The Clerk shall send a copy of this Order along with a copy of its Order of dismissal (document # 12) to Petitioner, and a copy of this Order to counsel for the Respondent.

**SO ORDERED.**

Signed: April 8, 2009

Graham C. Mullen
United States District Judge